IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                4:15CR00240-1 BSM

JAMES IVORY EDGERSON

## ORDER

On September 22, 2015, the Court conducted a lengthy detention hearing and thereafter detained Defendant based on his dangerousness and his risk of flight. *Doc. 47*. On November 11, 2015, Defendant filed a Motion (*doc. 84*) requesting that his detention hearing be reopened due to the risk to his safety in general population and an unspecified health problem. On November 27, 2015, the Court entered an Order denying Defendant's Motion. *Doc. 89*.

Defendant has now filed a "Motion for Setting of Detention Hearing." *Doc. 112*. He states that he "will demonstrate at a hearing . . . that he constitutes no risk of willful nonappearance and that he would not pose a threat to anyone if released as well as a specific need for liberty based upon the deterioration of his health while detained and the need for additional medical prognosis and treatment based

upon his current prognosis from health personnel."[1] *Id.* at ¶3. He cites the following as factors weighing in favor of release: (1) "Defendant's roots in the State of Arkansas;" (2) "Defendant was taken into custody without incident;" (3) "Defendant will adhere to any and all conditions that are imposed by the Court;" (4) "Defendant is able to obtain stable employment upon release from detention pending the outcome of his criminal case;" (5) "responsible members from his community will testify for his reliability;" and (6) "[d]ue to the Defendant's current deteriorating health condition release pending a final determination in this matter would be in the best interest of his current and ongoing health." *Id.*

Defendant's Motion is another attempt to relitigate what has already been decided in this case. The Court has twice explained the factors that weighed heavily in favor of Defendant's detention. He has come forward with no new information that warrants the "reopening" and reconsideration of detention under 18 U.S.C. § 3142(f).

---

[1] Defendant does not explain what *he believes* is the cause of his deteriorating health or the "current prognosis" that he has been given by unnamed "health personnel." However, on April 11, 2016, Defendant's wife copied United States District Judge Brian S. Miller on a letter she wrote to "Mr. Preston," apparently her husband's USMS jailer in Mason, Tennessee. A copy of that letter is attached to this Order as "Exhibit A."
   In Ms. Edgerson's letter, she states that her husband has a kidney condition that "needs proper attention." *Ex. A at 1*. She adds that his "life may be irreparably impaired if the functioning kidney he has is left unattended." *Id.* Attached to her letter is a November 11, 2015 "To Whom It May Concern" letter from urologist Dennis Jacks, M.D. Dr. Jacks' letter states that Defendant "has a history of a congenital dysplastic kidney with limited function," and that: "Mr. Edgerson's wife has informed me that Mr. Edgerson has been experiencing flank pain and is passing blood in his urine. With a history of limited kidney function and these symptoms, I believe this should be addressed by a physician." *Ex. A at 2*.
   There is nothing in the record to suggest that Defendant's health care needs cannot be properly addressed by health care personnel and physicians who are available, as needed, to address the medical needs of pretrial detainees in the custody of the United States Marshals Service. The USMS is well aware that it has an obligation to see that Defendant, who is on pretrial detention, is provided with constitutionally adequate medical care.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Setting of Detention Hearing (*doc. 112*) is DENIED.

Dated this 19th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

April 11, 2016

RECEIVED
IN THE CHAMBERS OF
U.S. DISTRICT COURT JUDGE
BRIAN S. MILLER

APR 1 4 2016

Mr. Preston
6299 Naifeh Dr.
Mason, TN 38049

4:15CR240-01 BSM

RE: Inmate #29340009 - James Ivory Edgerson

Mr. Preston,

My husband, James Ivory Edgerson, was remanded to your custody by the U.S. Marshal's office. Please understand that this letter is not intended to be antagonistic. It is a plea for help with the basic rights that should be afforded any inmate anywhere, proper medical attention.

My husband has a condition with his kidneys that needs attention. I have attached a letter from the clinic in Pine Bluff, AR where the condition was diagnosed.

When James was in an Arkansas facility we faced the same issues. Before he received the proper medical attention he was moved to your facility. I have tried every avenue available to me to get him the attention he needs.

At this point I don't know what to do. His life may be irreparably impaired if the functioning kidney he has is left unattended. I do not think that any of the parties responsible for his care want that to happen.

I am not asking for preferential treatment on his part. I am begging for what is right. Please feel free to call me at 901-616-4252. If I am unavailable, contact his Aunt Glenda Hagood at 501-681-0341.

Respectively,

*Andrea Edgerson*

Andrea Edgerson
607 E. Waterman
Dumas, AR 71639

cc: Mr. Brown, Attorney at Law
cc: Judge Miller
cc: Glenda Hagood



EXHIBIT
A




# Urology Associates of South Arkansas
### ADULT AND PEDIATRIC UROLOGY
1609 West 40th, Suite 301
Pine Bluff, Arkansas 71603
(870) 536-5162 • FAX (870) 536-5198

David A. Lupo, MD, FACS*
Dennis W. Jacks, MD, FACS*

Diplomate, American Board of Urology
*Fellow American College of Surgeons

November 11, 2015

To Whom it May Concern:

The family of Mr. James Edgerson has asked that I notify you of Mr. Edgerson's health history and inquire as to his current health problems. Mr. Edgerson is not my patient but has been seen at our facility, Jefferson Regional Medical Center, last year. Mr. Edgerson has a history of a Congenital Dysplastic Kidney with limited function.

Mr. Edgerson's wife has informed me that Mr. Edgerson has been experiencing flank pain and is passing blood in his urine. With a history of limited kidney function and these symptoms, I believe this should be addressed by a physician.

Thank you for your consideration of this matter.

Sincerely,

Dr. Dennis Jacks, MD